**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES RAYMOND, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No.: 1:19-cv-00790-DAD-JLT <br><br> FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE |

James Raymond seeks to proceed with an action against Bank of America, N.A., asserting the defendant negligently mishandled his funds. Pending before the Court are the complaint and a request to proceed *in forma pauperis*. (Docs. 1, 3.) However, Plaintiff fails to allege facts supporting a conclusion that this Court has jurisdiction. Therefore, as discussed below, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without prejudice.

**I.     Proceeding *in forma pauperis***

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if

1

leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit held that "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court recommends Plaintiff's application to proceed be denied because, as discussed below, the Court lacks jurisdiction and Plaintiff's complaint fails to state a claim upon which relief may be granted by this Court. *See* 28 U.S.C.§ 1915(e)(2).

## II.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.    Pleading Standards

The Federal Rules of Civil Procedure set forth the applicable standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///

# IV. Discussion and Analysis

## A. Diversity Jurisdiction

For the Court to have diversity jurisdiction, there must be diverse citizenship of all parties, and the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a); *see also Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

### 1. Citizenship

Though Plaintiff alleges that Defendants' citizenship is diverse from his own, there are no facts alleged to support his conclusion. The Plaintiff simply asserts, "there is complete diversity to citizenship between the Plaintiff and all Defendants and this matter in controversy, exclusive of interest and costs, exceeds the jurisdiction $10,000 amount of this court." (Doc. 1 at 2.)

### 2. Amount in controversy

Even if there is complete diversity of citizenship between the parties, there must be at least $75,000 in controversy to support the Court's jurisdiction. 28 U.S.C. § 1332(a). A plaintiff has a burden to plead facts supporting a conclusion that the amount in controversy is satisfied. The Ninth Circuit explained, "[t]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016)); *see also Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996) (indicating that if the court's jurisdiction is challenged, the plaintiff has a burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000). At the pleading stage, a conclusory allegation that the amount in controversy exceeds $75,000 does not satisfy the plaintiff's burden. *See Rainero*, 844 F.3d at 840.

Plaintiff's factual allegations regarding any amounts charged by Defendants fail to establish an amount in controversy which exceeds the $75,000 threshold. Plaintiff seeks an award of $5,000 plus applicable interest for allegedly wrongfully withdrawn funds and $10,000 for punitive damages. (Doc. 1 at 5.) There is no allegation in the complaint that the amount in controversy exceeds $75,000 and based upon the facts alleged, it is inconceivable that the damages could even approach $25,000, let alone $75,000. Thus, the Court's diversity jurisdiction is not implicated.

### B. Federal Question Jurisdiction

Federal question jurisdiction, arising under 28 U.S.C. § 1331, requires a complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, §2 of the U.S. Constitution, or (3) be authorized by a federal statute that regulates a specific subject matter *and* confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

Plaintiff claims that Bank of America, N.A. failed to comply with the applicable provisions of the Check Clearing for the 21st Century Act [12 USCS §§ 5001 et seq.] (the "Act") in handling checks from an insurance settlement associated with the death of Plaintiff's son in 2017. (Doc. 1 at 2.) Plaintiff fails to provide adequate details of the claim he is alleging under the Act. Regardless, 12 USCS § 5010(a)(1), provides the statute of limitations for actions under the Act: "An action to enforce a claim under this Act [12 USCS §§ 5001 et seq.] may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 1-year period beginning on the date the cause of action accrues." And "[a] cause of action accrues as of the date the injured party first learns, or by which such person reasonably should have learned, of the facts and circumstances giving rise to the cause of action." 12 USCS § 5010(a)(2). It appears from the facts alleged in the complaint that the cause of action accrued in 2017 such that the Plaintiff fails to meet the statute of limitations requirement. Additionally, Plaintiff fails to allege whether the cause of action accrued at a later date such that the statute of limitations requirement could be satisfied. Accordingly, based on the facts actually alleged in the complaint, the Court's federal question jurisdiction is not implicated. For the reasons outlined above, the Court lacks jurisdiction over Plaintiff's claims.

### V. Findings and Recommendations

Plaintiff fails to allege facts supporting a conclusion that this Court has jurisdiction. Consequently, leave to amend the complaint would be futile and should not be granted. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper where it is obvious that an opportunity to amend would be futile).

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 3) be **DENIED**;
2. Plaintiff's Complaint be **DISMISSED** without prejudice for lack of subject matter

| | |
|---|---|
| 1 | jurisdiction; and |
| 2 | 3. The Clerk of Court be **DIRECTED** to close this action. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **June 13, 2019**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE